## BRISTOL–MYERS CO. v. TISCHAUSER et al.
### No. 809–S.

District Court, S. D. California, Central Division.

Feb. 28, 1936.

Young, Lillick, Olson & Kelly, of Los Angeles, Cal., and Landels, Weigel & Crocker, of San Francisco, Cal., for complainant.

Musick & Burrell, of Los Angeles, Cal., for respondents.

STEPHENS, District Judge.

Complainant asks that a temporary injunction issue under the provisions of the so-called California Fair Trade Act (Statutes of California 1931, c. 278, p. 583, as amended 1933, c. 260, p. 793).

In brief and very generally the statute in question strikes at the below cost "leader" sale by prohibiting the retailing of factory marked goods in competition, through regular course of business at less than factory fixed prices, either by one contracting to maintain the price or by one who has secured the goods from other than factory sources.

Respondent E. A. Tischauser objects to the issuance of the writ upon several grounds, which raise, among others, the same constitutional questions relating to the Fifth and Fourteenth Amendments to the U. S. Constitution that have been passed upon—but not in agreement—by several eminent Judges of the California Superior Court in exhaustive written opinions. I shall not add another opinion for the reason that it would settle nothing and could afford but doubtful aid to an appellate tribunal.

I willingly yield, however, to my own temptation to reassert and reaffirm the wholesome doctrine that legislative acts are presumed to be constitutional. This presumption, it seems to me, has sometimes been accorded too little consideration, whereas it is one of the most important of all the presumptions.

The suspension of enacted laws in some districts and not in others, or as to some litigants and not as to others, or the enforcement of such laws and the annulment of such laws in the same district through decrees of different judges, should be reduced to the irreducible minimum. Strict adherence by trial courts, at least, to the stated rule is one important way toward this desired end.

Laws enacted to meet new conditions in our complex and changing civilization come in contact with judicial minds long accustomed to certain economic practices and conceptions and are very apt to be pressed to the ordeal of squaring with such practices and conceptions in their tests of constitutionality. This practice constitutes nothing less than extrajudicial exercise of the veto power.

Of course, nothing is more precious to a free citizenry than an independent judiciary jealous of all power assumed without constitutional sanction, but fundamental constitutional rights cannot suffer under a strict adherence by the courts to the presumption rule. On the other hand, the carving away through judicial decree of the right of a people to meet existing conditions with enforceable legislation may be seriously "subversive" of our constitutional principle of self government.

The strict observance of the presumption rule may most effectively prevent the annulment of enacted law through the necessity of meeting the economic bent of the judicial mind.

Freely acknowledging the presence of difficult questions in the present cause, I can but say that I see no convincing reason for holding that the presumption of constitutionality of the act in question is effectually overcome.

The issuance of a temporary injunction always lies in the sound discretion of the chancellor and as its power is effective before the issues are tried, should be issued with great caution.

I am denying the requested relief under this principle and for the reason that the statute must remain generally unenforced and the end sought by the statute unobtainable until the diversity of judicial action is cured by an appellate court decision, which decision shall be binding upon the trial courts.

The motion for preliminary injunction is denied without prejudice to its renewal after an appellate decision has been rendered upon the subject-matter of the cause, if this case is not tried upon its merits before such decision is handed down. Exception to complainant.